Annie **WILLIS** et al., Plaintiffs,

v.

**CHRYSLER CORPORATION**, Defendant.

**Civ. A. No. 66–H–404.**

United States District Court
S. D. Texas,
Houston Division.

March 9, 1967.

David A. Gibson, Houston, Tex., for plaintiffs.

Baker, Botts, Shepherd & Coates, Finis E. Cowan, Houston, Tex., for defendant.

*Memorandum:*

INGRAHAM, District Judge.

This action is brought by the survivors of James Willis against Chrysler Corporation for breach of manufacturer's warranty. Willis was fatally injured when the 1963 Plymouth police car he was driving was involved in a collision with another vehicle in Houston, Harris County, Texas. The police car broke into two sections as a result of the impact.

The defendant has filed the deposition of J. M. Levrier who was the Captain in charge of the accident investigation division of the Houston Police Department at the time of the accident. Levrier testified that he was at the scene of the accident shortly after it happened before any of the vehicles had been moved. The testimony of Levrier and the scaled diagram of the accident scene submitted with the deposition indicate that the police vehicle was traveling east and had veered into the oncoming or left lane of Market Street Road when the accident occurred. Levrier estimated that the police car was traveling sixty-five to seventy miles per hour at the time of impact (Levrier deposition, page 14). Levrier did not estimate the speed of the oncoming automobile which collided with the police vehicle but noted that it left 205 feet of skid marks and continued in its direction of travel for 81 feet after impact. As a result of this high speed collision, all occupants of both vehicles were killed. The impact caused the police car to break into two sections at a point just behind the front seat. The two sections came to rest approximately one hundred feet apart.

The plaintiffs in this suit do not allege that the accident was caused by any defect in the Plymouth automobile. The basis of the plaintiffs' suit is that the defendant breached an implied warranty of fitness because the design of the car allowed it to separate into two sections as a result of the collision. The suit is now before this court for consideration of defendant's motion for summary judgment.

This case, in its present posture, is similar to the procedural questions faced by this court in Kahn v. Chrysler Corporation, 221 F.Supp. 677 (S.D.Tex. 1963). The determinative question in this suit is whether the defendant can be charged with a duty to manufacture an automobile which can withstand an impact as disclosed by the evidence in this case without separating into two sections. The existence and nature of such a duty is a question of law. Evans v. General Motors Corp., 359 F.2d 822 (7 CA 1966), cert. denied, 385 U.S. 836, 87 S.Ct. 83, 17 L.Ed.2d 70; Kahn v. Chrysler Corporation, supra, and cases cited therein. If the defendant owed a duty to Willis, then a substantial fact issue is raised as to whether it was breached or not. If no duty exists, then a motion for summary judgment is proper.

The nature of the duty which an automobile manufacturer owes to the users of its product is to design the automobile so that it is reasonably fit for the purpose for which it was intended. Evans v. General Motors Corp., supra; Gossett v. Chrysler Corp., 359 F.2d 84 (6 CA 1966); Kahn v. Chrysler Corp., supra, relying on Muncy v. General Motors Corp., 357 S.W.2d 430 (Tex. Civ.App.1962). This duty does not extend to require a manufacturer to design his product so that it is accident proof or foolproof. Gossett v. Chrysler Corp., supra; Evans v. General Motors Corp., supra.

The apparent position of the plaintiffs is that although an automobile's intended purpose is transportation on the highways, an incident of this intended use is its possible involvement in collisions with other objects. Because of the foreseeability of collisions, the plaintiffs assert that the manufacturer has a duty to design its automobiles to withstand such collisions.

The Seventh Circuit in Evans v. General Motors Corp., supra, has answered

such a contention in no uncertain language. Judge Knoch states, 359 F.2d at page 825:

"The intended purpose of an automobile does not include its participation in collisions with other objects, despite the manufacturer's ability to foresee the possibility that such collisions may occur. As defendant argues, the defendant also knows that its automobiles may be driven into bodies of water, but it is not suggested that defendant has a duty to equip them with pontoons."

The Texas case of City of Dallas v. Maxwell, 248 S.W. 667, 27 A.L.R. 927 (Tex.Com.App.1923), opinion adopted, involved a suit against the City of Dallas for failure to erect a barricade along a street. The plaintiff asserted that the failure to provide a barricade allowed his car to plunge into a ravine after the steering gear broke. The court in discussing the duty imposed upon the city in design of its streets made the following statement:

"We are not unmindful of the obvious fact that motor-driven vehicles do become defective and unmanageable * * * and that drivers are sometimes negligent, and accidents more or less serious result. In a sense all such occurrences are foreseeable. But, when not brought about by some defects in the highway, they are not incident to ordinary travel, and do not happen as a result of the ordinary use of the highways—*that use for which they are designed.*" (Emphasis added).

■ In Gossett v. Chrysler Corp., supra, 359 F.2d at page 87, the Sixth Circuit defined the duties of a manufacturer relative to product design as follows:

"It is the duty of a manufacturer to use reasonable care under the circumstances to so design his product as to make it not accident or foolproof, but safe for the use for which it is intended. This duty includes a duty to design the product so that it will fairly meet any emergency of use which can reasonably be anticipated. The manufacturer is not an insurer that his product is, from a design viewpoint, incapable of producing injury. 76 A.L.R.2d Section 1(b)."

■ This court is of the opinion that the defendant had no duty to design an automobile that could withstand a high speed collision and maintain its structural integrity. It would require tenuous reasoning to broaden the implied warranty of "fitness for intended use" to an implied warranty of "fitness to survive a collision". This court agrees with the Evans case that, "the intended purpose of an automobile does not include its participation in collisions with other objects".

The majority of the cases cited by the plaintiffs are the progeny of MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696 (1916). These cases are distinguishable from the present suit as they involve injury caused by a *defectively manufactured* part while the product was being used for its intended purpose. The rest of the cases cited by the plaintiffs involve an element of misrepresentation. A particular article is advertised as being able to perform a certain function and then fails to perform as advertised, giving rise to a claim for injuries sustained when the article failed. In this case there is no allegation or evidence that Chrysler advertised or represented that its automobiles or their occupants would survive such a collision.

The defendant's motion for summary judgment will be granted. Counsel will draft and submit judgment accordingly.