Gatis GRUNDMANIS and Arvids Grundmanis, Plaintiffs,

v.

The **BRITISH MOTOR CORPORATION**, Limited, a foreign corporation, Defendant.

No. 68-C-285.

United States District Court E. D. Wisconsin.

Jan. 16, 1970.

Marvin Resnick, Milwaukee, Wis., for plaintiffs; Donald J. Jacquart, Milwaukee, Wis., of counsel.

Reginald W. Nelson, Milwaukee, Wis., for defendant.

## OPINION AND ORDER
REYNOLDS, District Judge.

This is an action to recover damages for injuries suffered by plaintiff, Gatis Grundmanis, while a passenger in an automobile allegedly manufactured by defendant. The complaint states that plaintiff was a passenger in a 1962 MGB on July 4, 1966, in Rice Lake, Wisconsin, when it was in a collision with another automobile. It is alleged that the MGB burst into flames upon impact when its fuel tank ruptured and that the plaintiff thereby suffered severe injuries. The basis of the plaintiff's claim is that the defendant was negligent in the design and construction of the automobile because the fuel tank was located under the trunk and immediately behind the passenger compartment.

Defendant has moved, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss the action on the ground that the complaint fails to state a claim upon which relief can be granted. This motion is now before the court.

It is the contention of the defe٨. that it had no duty to design an autoⱴ. bile that would be safe when involved in a collision. Defendant points to Evans v. General Motors Corporation, 359 F.2d 822 (7th Cir. 1966), as primary authority for its position. The court in *Evans*, supra, at 825, said that "The intended purpose of an automobile does not include its participation in collisions with other objects, despite the manufacturer's ability to foresee the possibility that such collisions may occur" and upheld the District Court's dismissal of the action which was based on alleged negligent design of an automobile which allegedly caused the death of its driver. Defendant cites a number of cases which follow *Evans*, including Schemel v. General Motors Corporation, 384 F.2d 802 (7th Cir. 1967); Shumard v. General Motors Corporation, 270 F.Supp. 311 (S.D.Ohio 1967); and Willis v. Chrysler Corporation, 264 F.Supp. 1010 (S.D.Texas 1967), for the proposition that " * * * the nature of the duty which an automobile manufacturer owes to users of its product" does not include "* * * a duty to make his automobile accident-proof or fool-proof * * *." *Evans*, supra, at 824. On the basis of this authority the defendant moves for dismissal.

It is the contention of the plaintiff that the defendant had a duty to design an automobile that would not subject the user to an unreasonable risk of injury in the event of a collision. Plaintiff relies first on Judge Kiley's strong dissent in *Evans*, supra, where he said, " * * * General Motors' duty was to use such care in designing its automobiles that reasonable protection is given purchasers against death and injury from accidents which are expected and foreseeable yet unavoidable by the purchaser despite careful use." 359 F.2d at 827. Plaintiff's primary authority is Larsen v. General Motors Corporation, 391 F.2d 495 (8th Cir. 1968), where a unanimous court said at 501–503:

"Accepting, therefore, the principle that a manufacturer's duty of de-

sign and construction extends to producing a product that is reasonably fit for its intended use and free of hidden defects that could render it unsafe for such use, the issue narrows on the proper interpretation of 'intended use.' Automobiles are made for use on the roads and highways in transporting persons and cargo to and from various points. This intended use cannot be carried out without encountering in varying degrees the statistically proved hazard of injury-producing impacts of various types. The manufacturer should not be heard to say that it does not intend its product to be involved in any accident when it can easily foresee and when it knows that the probability over the life of its product is high, that it will be involved in some type of injury-producing accident. * * * It should be recognized that the environment in which a product is used must be taken into consideration by the manufacturer. Spruill v. Boyle-Midway, Inc., 308 F.2d 79 (4 Cir. 1962).

"We think the 'intended use' construction urged by General Motors is much too narrow and unrealistic. Where the manufacturer's negligence in design causes an unreasonable risk to be imposed upon the user of its products, the manufacturer should be liable for the injury caused by its failure to exercise reasonable care in the design. These injuries are readily foreseeable as an incident to the normal and expected use of an automobile. While automobiles are not made for the purpose of colliding with each other, a frequent and inevitable contingency of normal automobile use will result in collisions and injury-producing impacts. No rational basis exists for limiting recovery to situations where the defect in design or manufacture was the causative factor of the accident, as the accident and the resulting injury, usually caused by the so-called 'second collision' of the passenger with the interior part of the automobile, all are foreseeable. Where

the injuries or enhanced injuries are due to the manufacturer's failure to use reasonable care to avoid subjecting the user of its products to an unreasonable risk of injury, general negligence principles should be applicable. The sole function of an automobile is not just to provide a means of transportation, it is to provide a means of safe transportation or as safe as is reasonably possible under the present state of the art.

"We do agree that under the present state of the art an automobile manufacturer is under no duty to design an accident-proof or fool-proof vehicle or even one that floats on water, but such manufacturer is under a duty to use reasonable care in the design of its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of a collision. Collisions with or without fault of the user are clearly foreseeable by the manufacturer and are statistically inevitable.

"The intended use and purpose of an automobile is to travel on the streets and highways, which travel more often than not is in close proximity to other vehicles and at speeds that carry the possibility, probability, and potential of injury-producing impacts. The realities of the intended and actual use are well known to the manufacturer and to the public and these realities should be squarely faced by the manufacturer and the courts. We perceive of no sound reason, either in logic or experience, nor any command in precedent, why the manufacturer should not be held to a reasonable duty of care in the design of its vehicle consonant with the state of the art to minimize the effect of accidents. The manufacturers are not insurers but should be held to a standard of reasonable care in design to provide a reasonably safe vehicle in which to travel. * * *"

In addition, plaintiff cites Mickle v. Blackmon, S.C., 166 S.E.2d 173 (1969);

Friend v. General Motors Corporation, 118 Ga.App. 763, 165 S.E.2d 734 (1968); and Walker v. International Harvester Company, 294 F.Supp. 1095 (W.D.Okl. 1969), as authority for its position.

The question before the court now is the nature of the duty owed by an automobile manufacturer to the users of its product. This is an issue of law to be decided by the court. *Evans*, supra, 359 F.2d at 824; *Larsen*, supra, 391 F.2d at 498. The parties have not brought to the attention of the court any Wisconsin Supreme Court decisions or Federal Court decisions construing Wisconsin law on this issue, nor have my own efforts revealed any. However, the Wisconsin Supreme Court has recently determined that products liability cases are to be governed by strict liability in tort. Dippel v. Sciano, 37 Wis.2d 433, 155 N.W.2d 55 (1967). It is my opinion that the direction of the law in this area and should lead " * * * to greater responsibility of manufacturers in designing, testing and manufacturing products, with a purpose of giving reasonable protection against harm to purchasers in the use of the products for their intended purposes." Circuit Judge Kiley dissenting in *Evans*, supra, at 826.

I find the reasoning of the court in *Larsen*, supra, most persuasive and agree that "While all risks cannot be eliminated nor can a crash-proof vehicle be designed under the present state of the art, there are many common-sense factors in design, which are or should be well known to the manufacturer that will minimize or lessen the injurious effects of a collision. The standard of reasonable care is applied in many other negligence situations and should be applied here." 391 F.2d at 503. To adopt the position of the majority in *Evans*, supra, would be to ignore reality, for the foreseeability of accidents is a matter of

public and common knowledge.* Thus, the manufacturer must accept the duty of protecting the user from unreasonable risk of injury due to negligence in design.

For the reasons set forth, I find that the motion of the defendant to dismiss the action on the ground that the complaint fails to state a claim on which relief can be granted must be denied.

Therefore, it is ordered that the motion of the defendant to dismiss the action be and it hereby is denied.

---

* In an article "Passenger Car Design in Highway Safety" published by Consumers Union of U.S., Inc., Goddard & Haddon say that: "Between one-fourth and two-thirds of all vehicles manufactured are at sometime during their subsequent use involved in the tragedy of human injury and death. Consequently the anticipation of this result by both designer and manufacturer is mandatory."