## Hoffner v. Chrysler Corporation

*Jerome M. Dubyn*, for plaintiffs.

*John Philip Diefenderfer*, for defendant.

RUFE, 3rd, J., February 28, 1973.—On November 20, 1970, George Hoffner, Jr., a minor, was riding as a passenger in his father's 1960 Plymouth sedan, then being operated by his mother. As a result of an accident, George was killed and his mother seriously injured. Suit was filed against the Chrysler Corporation, alleging its negligence in failing to design, manufacture, and sell a "crashworthy vehicle." The theory of liability is based on strict liability as set forth in section 402A of the Restatement of Torts, thereby supporting an alleged additional claim for punitive damages.

Defendant has filed preliminary objections in the nature of (1) a demurrer; (2) a motion for more specific pleadings; and (3) a motion to strike, which preliminary objections are presently before the court for determination under Bucks County Rule of Civil Procedure 266.

Plaintiff's complaint alleges, inter alia:

"6. Negligence, carelessness and recklessness of the Defendant, Chrysler Corporation, consisted of the following:

"(a) Design, manufacture and sale of Plaintiff's said Plymouth sedan in a defective condition;

"(b) Failure to design and manufacture Plaintiff's said Plymouth sedan vehicle so that it would be a crashworthy vehicle;

"(c) Failure to make reasonable inspections to discover defects in said Plaintiff's Plymouth sedan;

"(d) Failure to warn of any defects in said Plaintiff's Plymouth sedan which defendant knew or should have known;

"(e) Failure to discover any defects in said Plaintiff's Plymouth sedan before it was sold to Plaintiff, George Hoffner."

". . .

"13. Plaintiffs plead in the alternative as follows:

"Defendant, Chrysler Corporation, is engaged in the business of designing, manufacturing, selling and distributing automobiles to users and consumers and did design, manufacture, sell and distribute the aforesaid 1960 Plymouth sedan which was ultimately purchased by Plaintiff, George Hoffner, for his use and the use of his wife.

"14. Plaintiffs further aver that the injuries here and before described were the result of defects in the said 1960 Plymouth sedan designed, manufactured, sold and distributed by defendant, which defects were existing at the time of the purchase of said vehicle by Plaintiff, George Hoffner.

"15. The injuries and damages sustained by the Plaintiff were caused by the Defendant in the following particulars:

"(a) In designing, manufacturing, selling and dis-

tributing the aforesaid 1960 Plymouth sedan in a condition which was unreasonably dangerous to the consumer;

"(b) Failing to make reasonable inspections to discover defects in said 1960 Plymouth sedan;

"(c) Failing to warn Plaintiffs of the defects which Defendant knew or should have known and which constituted a danger;

"(d) Failing to discover defects in said 1960 Plymouth sedan;

"(e) In designing said 1960 Plymouth sedan and using inferior materials in the manufacture of said vehicle in such fashion that said vehicle was not able to withstand the impact of the collision described aforesaid."

The foregoing paragraphs set forth all of the allegations of defendant's negligence upon which plaintiffs base their claims. No specific defects, design faults or manufacturing deficiencies have been alleged, and plaintiffs argue that the foregoing allegations invoke the theory of strict liability in tort and therefore plaintiffs are not required "to establish a particular defect as the proximate cause for an accident." This theory is based on section 402A of the Restatement of Torts which provides as follows:

"(1) One who sells any product in a defective condition or reasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby cause to the ultimate user or consumer, or to his property if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in subsection (1) applies although (a) the seller has exercised all possible care

in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relations with the seller."

The question to be resolved herein is whether or not merely claiming "defects," "defective design" or "manufacture" and "failure to inspect" or "discover defects" and "lack of crashworthiness" is sufficient allegation of negligence to invoke the foregoing strict liability aspect of the law, without alleging, even generally, the manner or area of defect in the vehicle causing the damage or injury.

Plaintiff maintains this question should be answered in the affirmative and relies on Kridler v. Ford Motor Company, 422 F. 2d 1182 (1970), and Sellers v. Sharon Chrysler-Plymouth, Inc., 50 D. & C. 2d 179 (1970), to support its position. In Kridler, the court held that plaintiff did not have to prove the specific defect in the steering mechanism of the vehicle; that it was sufficient merely to prove the steering malfunction which was the proximate cause of the injury. In Sellers, the court held that it was not necessary to allege the exact nature of defect which caused the vehicle to catch fire, but it was necessary to allege the malfunction fire originating in the wiring in or near the fuse block, which caused the damage.

In none of the other cases examined has the court extended the foregoing doctrine to the point where it was not necessary to make a general allegation of some form regarding the nature of the malfunction or general area of the defect causing the injury for which recovery is sought. While it is no longer necessary to pinpoint the specific defect alleged to have caused the damage, a defendant is entitled to know what part or aspect of the car was deficient and caused plaintiff's injuries, even if the specific defi-

ciency cannot be precisely defined: Evans v. General Motors Corp., 359 F. 2d 822 (1966); Schumard v. General Motors Corp., 270 F. Supp. 311 (1967); Larsen v. General Motors Corp., 391 F. 2d 495 (1968); Dyson v. General Motors Corp., 298 F. Supp. 1064 (1969); Grundmanis v. British Motors Corp., Inc., 308 F. Supp. 303 (1970); Passwaters v. General Motors Corp., 454 F. 2d 1270 (1972).

"Lack of crashworthiness" and failure to detect unspecified "defects" are insufficient allegations of negligence to alert a defendant of the true nature of plaintiff's theory of liability and proximate cause. In what way did the 1960 car manufactured by defendant involved in a 1970 accident lack "crashworthiness"? Where among the thousands of parts assembled in the car, should defendant have looked to discover the alleged "defect"? Clearly, the complaint, as drafted, is insufficient.

The facts alleged, having failed to state a cause of action, it is not necessary to discuss the question of punitive damages, as nothing in the complaint supports such a claim. Accordingly, we enter the following

ORDER

And now, this February 28, 1973, defendant's preliminary objections in the nature of a demurrer and motion to strike are hereby overruled; defendant's preliminary objections in the nature of a motion for more specific pleadings are hereby sustained and plaintiff is granted leave to file an amended complaint within 20 days hereof.