SHARON ZIMNY, Individually and as Adm'r of the Estate of James A. Zimny, Deceased, Plaintiff-Appellant, *v.* NORTH SHORE GAS COMPANY *et al.,* Defendants.—(THE COUNTY OF LAKE, Defendant-Appellee.)

Second District (1st Division)    No. 76-59

Opinion filed September 15, 1976.

Sheldon Davidson and Barry Yavitz, both of Pedersen & Houpt, of Chicago, for appellant.

Robert L. Snook and Edward A. Puisis, both of Hall, Meyer, Fisher, Holmberg & Snook, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

About 2 a.m. on May 4, 1973, plaintiff's decedent was driving in a northerly direction upon State highway No. 21 in Lake County. It would appear that metal barricades had been placed on one lane of the northbound highway by the North Shore Gas Company which was performing repair work pursuant to a permit issued by the Illinois Department of Public Works and Buildings. Plaintiff's decedent struck the barricades and ran into a metal pole causing injuries which resulted in his death.

A complaint was filed by Sharon Zimny, individually and as administrator of the estate of the decedent herein, against the North Shore Gas Company and the County of Lake for the loss of support, medical and funeral expenses resulting from the wrongful death of James A. Zimny. The first amended complaint, which is at issue here, consists of seven counts, the first three counts being against the North Shore Gas Company and Counts IV through VII, inclusive, being against the County of Lake for negligence and wilful and wanton misconduct. The trial court dismissed plaintiff's first amended complaint as to the County of Lake, holding that the plaintiff had failed to state a cause of action against the County. This appeal followed. Two issues are presented to this court, the first being whether the trial court erred in holding the plaintiff's first amended complaint failed to state a cause of action. The second issue is whether the County is immune from liability for its voluntary acts when it

has a policy of liability insurance insuring the county against liabilities alleged. The second issue was not raised in the trial court. The County has filed a motion to strike this issue and the motion is hereby granted for two reasons; the first being that the matter was improperly presented to this court and the second being that the determination of this issue is not necessary in view of our decision herein.

The basis for alleged liability of the County of Lake is a novel one. It is agreed that the highway in question is a State highway. The complaint states that the permit for the construction or repair work by North Shore Gas Company was issued by the Department of Public Works, a State agency. The immediate question then is why was the County of Lake made a party defendant in this case?

On the night in question a deputy sheriff of Lake County, while driving down the State highway in question, noticed the metal barricades, which are not described in the complaint, had fallen down. Their position, by inference, would be that they were on one of the two northbound lanes of the State highway. He re-erected the barricades upon three occasions and called North Shore Gas Company relative to the situation.

The plaintiff argues, in a seemingly circuitous route, that once the deputy sheriff attempted to help he, and therefore the County of Lake, became obligated. Plaintiff alleges, and in the complaint states, that the County owed a duty to plaintiff's decedent; that the County negligently performed that duty and that as a direct and proximate result of that breach, plaintiff's decedent was injured. Plaintiff further alleges that not only was the occurrence reasonably foreseeable, the County voluntarily assumed the duty to protect motorists on this State highway. Plaintiff then goes on to state that once having assumed the duty to protect motorists, the County breached the duty in three respects; first, that it negligently placed barricades in the roadway. With this we have some difficulty because the barricades were already there and were merely reset by the deputy sheriff. Secondly, plaintiff states that the County, having voluntarily assumed the duty to inform the defendant North Shore, negligently gave inadequate instructions and notice to the defendant North Shore. Thirdly, plaintiff alleges that the County, having placed obstacles in the roadway, negligently failed to warn motorists of the danger in that the deputy sheriff was charged with knowledge that there should be one mile of warning signs as required by statute. Plaintiff also contends that the complaint states a cause of action against the County for wilful and wanton misconduct, specifically that after the County discovered the impending danger it failed to exercise ordinary care to prevent injury to plaintiff's decedent, showing a reckless disregard for the safety of others. Respective counsel have cited many cases in support of their position but to the best of this court's knowledge no case has been

cited, nor are we able to find authority for the position of the plaintiff herein.

In *Mieher v. Brown* (1973), 54 Ill. 2d 539, 541-42, 301 N.E.2d 307, 308, the Supreme Court, as here, considered the question of whether or not the complaint therein stated a cause of action. That court stated:

> "We shall therefore examine the amended complaint as one based on common-law negligence. In doing so we must test the amended complaint by the traditional requirements of such an action: the existence of a duty owed by the defendant to the decedent, the breach of that duty and the injury proximately resulting from this breach. (Prosser, Handbook of the Law of Torts (4th ed. 1971), sec. 30.) The determination of the question of duty—whether the defendant and the decedent stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the decedent—is an issue of law for the determination of the court. (Prosser, Law of Torts (4th ed. 1971), sec. 45; Restatement (Second) of Torts, sec. 328B.) Since we are here determining the propriety of the trial court's dismissal of the amended complaint, we are concerned only with that question of law presented by the pleading."

The Supreme Court then found that the complaint did not state a cause of action.

■■ No useful purpose would be served by going into the ramifications and the pedagogical discussion of the elements of negligence at this point. It seems absurd that a deputy sheriff, a county employee, in attempting to alleviate a potential traffic hazard on a State highway not under county jurisdiction and control, can obligate and incur liability for the County by whom he is employed not because of what he did in re-erecting the barricades which had been knocked down, but because he did not put up additional devices to warn approaching motorists of the possible danger. These were not his obligations or duties and, under the facts of this case, we do not find that the County of Lake thereupon became liable in negligence, including wilful and wanton misconduct, simply because the deputy sheriff didn't do what North Shore Gas Company allegedly should have done or the State of Illinois Department of Highways allegedly should have done. There is a paucity of law on the negligence liability of a volunteer. Perhaps in this case we have made some small step in that direction. The judgment of the trial court in dismissing the complaint against the County of Lake for failure to state a cause of action is affirmed.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.