RICHARD ESTOCK, Plaintiff-Appellant, *v.* TRI-RENTAL COMPANY, Defendant and Third-Party Plaintiff-Appellee (McDowell Construction Company, Third-Party Defendant).

Fourth District   No. 4—83—0360

Opinion filed April 10, 1984.—Rehearing denied May 10, 1984.

Lester Berry Smith, Ltd., of Peoria (M. Michael Waters, of counsel), for appellant.

William R. Brandt, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Richard Estock, brought suit in the circuit court of Vermilion County against defendant-third-party plaintiff, Tri-Rental Company (Tri-Rental), seeking recovery for injuries alleged to have resulted from the negligence of Tri-Rental employees. After a trial by jury, a verdict was rendered in favor of plaintiff and against Tri-Rental on the original complaint and in favor of Tri-Rental and against third-party defendant, McDowell Construction Company (McDowell), on the third-party complaint. Plaintiff appeals a judgment notwithstanding the verdict entered in favor of Tri-Rental as to the original complaint.

In finding for plaintiff, the jury fixed damages at $250,000, finding plaintiff's comparative negligence to be 50% and returning a verdict for plaintiff in the amount of $125,000. On the third-party complaint, the jury found McDowell to be 40% negligent and entered a verdict in favor of Tri-Rental and against McDowell in the sum of $50,000.

On appeal, plaintiff maintains (1) the trial court erred in entering a judgment notwithstanding the verdict; (2) the trial court erred in failing to consider certain exhibits as substantive evidence; (3) the trial court erred in ruling that defendant's conduct was not the proximate cause of plaintiff's injury; and (4) the defendants have waived the right to a new trial, because of their failure to request the trial court to rule on its request for a new trial.

■ As the trial court correctly pointed out in its memorandum opinion "verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

The evidence showed that plaintiff was the ironworkers' foreman for McDowell on a construction project on which a crane with a hydraulic boom system was being used. At McDowell's request, Tri-Rental sent two repairmen, Ken Roark and Al Johnson, to the job site to repair an oil leak in the boom of the crane. After certain work had been completed on the crane, plaintiff went onto the crane deck, saw oil running out of the back of the boom, and inserted his arm into a hole in the boom to wipe the oil off of the cylinder. At that time, the operator of the boom retracted the boom, causing plaintiff's arm that was in the hole to be severely cut.

The plaintiff's expert witness, a crane operator instructor, crane inspector and consultant in the crane field, indicated that the usual practice when a mechanic is making repairs is to have other workers leave the area until the repairs have been completed. The expert also answered in the affirmative a question as to whether a mechanic or signalman who is giving signals to a crane operator has "a responsibility to assure that the area is clear before a maneuver is directed."

The evidence as to exactly what happened at the time of the injury was confusing. Considering plaintiff's testimony and that most favorable to him, the following occurred: Plaintiff was present when Roark and Johnson discussed the leak with the crane operator, and he then left the area for about five minutes. During this time, the repairmen had the operator extend the boom. They then got on a retaining wall and had the operator retract the boom slightly to enable Roark to make a fitting. Roark then directed that the boom be extended and checked for a pressure leak. He and Johnson then descended the retaining wall, the boom was extended, and Roark and Johnson went to a service truck to clean their hands. In the meantime, plaintiff had returned and talked to Roark and Johnson, and they returned the crane to him. Plaintiff then climbed on the deck of the crane, walking past the operator. Plaintiff did not notify anyone that he was going to put his arm in the hole but did so as a split-second decision. While his arm was in the hole, Roark made a motion with his arms that could reasonably have been taken as a signal to retract the boom. The operator retracted the boom, bringing about plaintiff's injury.

Plaintiff contends that Tri-Rental was guilty of negligence, because its agent, Roark, should not have given a signal for the retraction of the boom without first checking to see that it was safe for all concerned to do so.

In granting judgment notwithstanding the verdict, the trial court concluded that plaintiff's act of placing his arm into the boom was so unforeseeable that any negligence on the part of Roark in signaling to

retract the boom could not be a proximate cause of plaintiff's injury.

■ In order to establish proximate cause in a negligence case, the plaintiff need not prove the precise nature of the occurrence giving rise to the injuries. (*Greene v. City of Chicago* (1976), 48 Ill. App. 3d 502, 363 N.E.2d 378, *aff'd* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205.) Moreover, determination of the existence of probable cause has been an issue upon which the trier of fact has been given great deference. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.) However, we need not pass upon whether the proof of proximate cause was insufficient as a matter of law, because we hold that plaintiff failed to prove that defendant owed a duty to plaintiff that was breached.

■ In *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617, the court discussed the question of duty and proximate cause in a negligence action. There, the court stated:

> "A complaint for negligence must set out: the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach. (*Mieher v. Brown* 54 Ill. 2d 539, 541.) The character of the duty of the defendant which must be established was described in Prosser, Handbook of the Law of Torts (4th ed. 1971), section 53: 'In other words, "duty" is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff \*\*\*.' This question, *i.e.*, whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the plaintiff's benefit, is one of law for determination by the court. *Mieher v. Brown*, 54 Ill. 2d 539, 541; *Palsgraf v. Long Island R.R. Co.* (1928), 248 N.Y. 339, 162 N.E. 99; see also Prosser (4th ed. 1971), sec. 52." (56 Ill. 2d 372, 374, 308 N.E.2d 617, 618.

The court further noted that the question of whether a legal duty exists cannot be answered on the basis of foreseeability alone because of the many other factors which must be considered prior to imposing a duty in a particular case.

The thrust of plaintiff's theory of recovery is the testimony of the safety practice of requiring a mechanic giving signals to an operator for a maneuver of the crane to avoid doing so before checking to see if it was safe to do so. No evidence indicated that the practice would be applicable even after the control of the crane had been returned to the foreman in charge as was done here. The relationship of the parties had changed. Roark, who was not in charge of the operation of the boom, had no duty to plaintiff, who was in charge, to see that no

maneuver of the boom was made before it was safe to do so. Moreover, if Roark did give a signal to retract the boom, he did so at a time when it was obvious that he was in no position to make such a safety check. Under the circumstances, the operator was under a duty not to maneuver the boom on a signal from Roark who was not in charge.

■ Nothing in *Mieher* eliminates foreseeability as a factor in determining the existence of duty. That plaintiff would thrust his arm in the hole in the boom while the motor for the apparatus was running and do so without warning the operator was, as the trial court found, very unlikely. Roark could not reasonably have foreseen that, while the crane was in the custody of the foreman, the crane operator would proceed to retract the boom upon an indication from Roark when Roark was in no position to see whether the retraction could safely be made. The unforeseeability that Roark's conduct might result in injury to plaintiff tends to further negate the existence of any duty by Roark to plaintiff that was breached here.

■ The exhibits which the trial court is alleged to have failed to consider as substantive evidence concern handwritten statements of Johnson and Roark. Whether the trial court failed to properly consider these exhibits in ruling on the motion for judgment notwithstanding the verdict is immaterial. They were admitted generally. Our determination of the record is based on that presented to the jury. We have considered the statements generally in making our ruling which is based largely on plaintiff's own testimony.

Because of our ruling affirming the trial court, we need not consider the contention concerning plaintiff's motion in the alternative for a new trial.

Affirmed.

MILLER and WEBBER, JJ., concur.