2023 IL App (1st) 221093-U

No. 1-22-1093

Order filed November 9, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PABLO DE LA PAZ, as Special Administrator of the Estate of Abril De La Paz, Deceased, and PABLO DE LA PAZ, as Special Administrator of the Estate of Brisa De La Paz, Deceased, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19 L 002700 |
| REGGIE'S PALLETS CO., CITY OF CHICAGO, BARRICADE LITES, INC., STRICK TRAILERS, DANNY HERMAN TRUCKING, INC., REPUBLIC TRAILER SERVICES, INC., and RIGOBERTO MANCILLA, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| (Reggie's Pallets Co., Strick Trailers, Danny Herman Trucking, Inc., Republic Trailer Services, Inc., and Rigoberto Mancilla, Defendants-Appellees). | ) ) ) ) ) | Honorable Daniel A. Trevino, Judge Presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mitchell and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    This action arises from an automobile accident that occurred when Brisa De La Paz and Abril De La Paz's car collided into the rear end of a semi-tractor and trailer that was parked near a road construction project. Brisa and Abril died from the accident, and, plaintiff, Pablo De La Paz, as Special Administrator of the Estates of Abril and Brisa, filed a complaint based on wrongful death and negligence against multiple defendants.

¶ 2    Plaintiff appeals from an order of the circuit court that, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)), dismissed his negligence claims that were based on allegations relating to a defective rear underride protection system on the trailer into which the decedents' car collided and that were alleged against the manufacturer and previous owners of the trailer, including defendants-appellants Strick Trailers (Strick), Danny Herman Trucking, Inc. (Herman) and Republic Trailers Services, Inc., (Republic). Plaintiff also appeals from the circuit court's order that granted, in part, the joint motion for summary judgment filed by defendants-appellants, Reggie's Pallets Co. (Reggie's) and Rigoberto Mancillo (Mancillo), who are the current owners of the trailer, with respect to the allegations against them involving the trailer's defective rear underride protection system.

¶ 3    On appeal, plaintiff argues that his complaint stated causes of action against appellants for the negligent breach of a duty of ordinary care in the design, manufacturing, modification, sale, maintenance, and operation of the semi-trailer with an inadequate and defective rear underride protection system. He argues that *Mieher v. Brown*, 54 Ill. 2d 539 (1973), the Illinois supreme court case upon which the circuit court relied in dismissing his claims and allegations relating to the defective underride protection system, was not well reasoned and that our supreme court should overrule that decision. We affirm.

¶ 4                                I. BACKGROUND

¶ 5     Plaintiff's complaint contained negligence claims against Strick, Herman, Republic, Reggie's, and Mancilla, who were the manufacturer, and the current and previous owners of the tractor and trailer with the allegedly defective rear underride protection system into which Abril and Brisa's car collided. Plaintiff's complaint also alleged negligence claims against the City of Chicago and Barricade Lites, Inc., relating to the signage, warnings, and barricades placed at the site of the road construction project, but the claims against these parties are not at issue in this appeal.

¶ 6     Plaintiff's complaint alleged that on May 28, 2017, Brisa and Abril were driving an automobile in Chicago on a curved two-way public highway, and as they approached a road construction work project, their vehicle collided with the rear end of a semi-truck trailer, which was unsafely and improperly parked facing the wrong direction on the other side of the street. The collision caused Brisa and Abril's car to strike and underride the rear end of the trailer, which resulted in their deaths. Plaintiff alleged that underride protection systems exist to mitigate the risk of death in the event of rear-end collisions with trailers and that the rear underride protection system on the trailer at issue was defective and unsafe. He alleged that if the trailer had been parked correctly, the accident either would not have occurred or the decedents would not have been killed because their vehicle would have hit the front of the truck and would not have gone under the trailer.

¶ 7     Plaintiff's negligence claims against Strick, Herman, and Republic are based only on allegations relating to the trailer's defective underride protection system.[1] Plaintiff's claims against

---

[1] Plaintiff's complaint contains allegations against Strick, Herman, and Republic relating to the trailer's deficient reflective system to warn motorists of its parked presence at night. However, plaintiff is not arguing that we should reverse the circuit court's orders on the basis of these allegations. Rather, plaintiff's argument is focused on the allegations related to the defective rear underride protection system.

Reggie's and Mancilla are based, in part, on the defective underride protection system, but this appeal only involves the allegations against them relating to the underride protection system. We will therefore only summarize the allegations relating to the trailer's underride protection system.

¶ 8    Plaintiff alleged that Strick, who was the original manufacturer of the trailer in 1989, owed a duty to design, manufacture, and sell the trailer in a reasonably safe condition. Strick allegedly breached that duty when it designed, manufactured, distributed, and sold the trailer with a defective and unsafe underride protection system and it did so without warning buyers and users.

¶ 9    As for Herman, the owner of the trailer from 1989 to 2007, and Republic, the owner of the trailer from 2007 to some date before the date of the accident, plaintiff alleged that they owed a duty of ordinary care not to modify or alter the rear underride system, a duty to maintain the system, and a duty to inform the purchaser of unsafe alterations or modifications in the trailer. He alleged that rear-end collisions with trailers are known and foreseeable to designers, manufacturers, and owners and operators of trailers and that Republic and Herman should have known that. Republic and Herman breached their duty when they modified or altered the rear underride protection system to an unsafe condition, failed to maintain the system in a safe condition, and sold the trailer with a defective system without warning buyers and users.

¶ 10    As for Reggie's and Mancilla, the owners of the tractor and trailer on the date of the accident, plaintiff alleged that they owed a duty of care in the operation, maintenance, and control of their tractor and trailer and that they breached their duty when they failed to equip their trailer with the safe and adequate underride protection system, failed to maintain it in a safe condition, and allowed it to be on the road with the unsafe and inadequate system. Plaintiff alleged that as a proximate result of defendants' negligent acts, Abril and Brisa sustained injuries that caused their deaths.

¶ 11        Defendants' Section 2-615 Motions to Dismiss and Motion for Summary Judgment

¶ 12        Strick, Herman, and Republic filed motions to dismiss the claims against them based on section 2-615 of the Code. They argued that under Illinois law, including *Mieher*, they had no duty to design or maintain a vehicle with which it is safe to collide. As for Reggie's and Mancilla and the underride protection system allegations alleged against them, they similarly argued in their motion for summary judgment that under *Mieher*, they did not have a duty to maintain a vehicle with which it is safe to collide.

¶ 13                  Discovery Under Illinois Supreme Court Rule 191(b)

¶ 14        During the briefing on defendants' section 2-615 motions to dismiss, plaintiff filed an affidavit under Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013), requesting expert witness testimony relating to the underride protection system and to take depositions of witnesses from Strick, Herman, and Republic. Plaintiff asserted that the depositions were required to respond to the motions to dismiss and motion for summary judgment. Thereafter, the circuit court entered an order that stated the defendants "with [section] 2-615 motions are excluded from producing witnesses at this time."

¶ 15                           Circuit Court's Rulings

¶ 16        The circuit court granted the motions to dismiss filed by Strick, Herman, and Republic with prejudice, concluding that *Mieher* was still good law, and that plaintiff did not plead facts to establish claims for negligence against these defendants. For the same reason, the court subsequently granted Reggie's and Mancilla's motion for summary judgment only as to the allegations relating to the trailer's underride protection system.

¶ 17        The circuit court entered a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its order that

granted with prejudice the motions to dismiss filed by Strick, Herman, and Republic. It also entered a finding under Rule 304(a) on its order that granted Reggie's and Mancilla's motion for summary judgment on the allegations relating to the underride protection system. This appeal follows.

¶ 18                                II. ANALYSIS

¶ 19     On appeal, plaintiff contends that his complaint stated causes of action against defendants for the negligent breach of a duty of ordinary care in the design, manufacturing, modification, sale, maintenance, and operation of a trailer with an inadequate and defective rear underride protection system.

¶ 20     Plaintiff's claims against Strick, Herman, and Republic were dismissed with prejudice under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)). A section 2-615 motion to dismiss "challenges the legal sufficiency of a complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). The question on review from that dismissal based on section 2-615 "is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to establish a cause of action upon which relief may be granted." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). Our review of a circuit court's order dismissing a complaint pursuant to section 2-615 is *de novo*. *Henderson Square Condominium Association v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 61.

¶ 21     The circuit court granted Reggie's and Mancilla's motion for summary judgment as to the allegations regarding the rear underride protection system. A circuit court's "decision to grant summary judgment should only be made where there is no genuine issue of material fact." *Hernandez v. Alexian Brothers Health System*, 384 Ill. App. 3d 510, 518 (2008). "Summary

judgment is proper where the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Luss v. Village of Forest Park*, 377 Ill. App. 3d 318, 331 (2007). Summary judgment is appropriate if a "plaintiff fails to establish any element" of the claim. *Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001). We review *de novo* a circuit court's order granting or denying a motion for summary judgment. *Hernandez*, 384 Ill. App. 3d at 519.

¶ 22    To state a cause of action for negligence, a plaintiff must prove "three essential elements: (1) that defendants owed a duty; (2) that defendants breached the duty they owed; and (3) that the breach proximately caused the injury." *Stanphill v. Ortberg*, 2018 IL 122974, ¶ 33. "Whether a duty exists in a particular case is a question of law for the court to decide." *Marshall*, 222 Ill. 2d at 430. "The touchstone of this court's duty analysis is to ask whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Id.* at 436. The policy considerations that inform the duty analysis include four factors: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Id.* at 436-37. If there is no duty owed, then there is no negligence. *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14, 26 (1992).

¶ 23    Here, the circuit court relied on our supreme court's decision in *Mieher* when it dismissed plaintiff's claims relating to the trailer's defective rear underride protection system. Plaintiff acknowledges that *Mieher* is controlling. Plaintiff asserts, however, that when the law is properly analyzed, *Mieher* should be overruled.

¶ 24    We agree with the circuit court and follow *Mieher*. See *Yakich v. Aulds*, 2019 IL 123667, ¶ 13 ("Our circuit and appellate courts are bound to apply this court's precedent to the facts of the case before them under the fundamental principle of *stare decisis*.").

¶ 25    In *Mieher*, 54 Ill. 2d at 540, the plaintiff filed a negligence action against the manufacturer of the truck which the decedent's car rear ended as it was making a right-hand turn off a highway. The decedent's car ran under the rear of the truck and the truck bed penetrated the windshield of her car. *Id.* at 541. The plaintiff alleged that the defendant negligently designed the truck because "it did not attach to the rear of it a bumper, fender, or shield," which "made the truck unsafe in that a vehicle colliding with the rear of it would be allowed to proceed unimpeded under the bed of the truck." *Id.* at 540-41. The appellate court held that the complaint stated a cause of action for negligence based on the allegation of negligent design. *Id.* at 541.

¶ 26    The supreme court reversed that decision. *Id.* at 545. In doing so, the court stated that in finding that the defendant owed the plaintiff a duty in designing its vehicle, the appellate court relied on *Larsen v. General Motors Corp.*, 391 F.2d 495, 502 (8th Cir. 1968), and the cases following *Larsen* that concluded that a manufacturer has a "duty to design its vehicle to avoid subjecting the user to an unreasonable risk of injury in the event of collision." *Mieher*, 54 Ill. 2d at 542. The court distinguished *Larsen*, stating that it "concerned the duty of the manufacturer to design a vehicle in which it was safe to ride" while the question in *Mieher* involved "the duty of the manufacturer to design a vehicle with which it is safe to collide." *Id.* at 543. The court explained that "although foreseeability is generally accepted as the test to be applied by a jury in determining if a duty has been violated," the court must consider other elements when defining the scope of the duty. *Id.* at 544. It concluded that, "[a]lthough the injury complained of may have been, in a sense, foreseeable, we do not consider that the alleged defective design created an unreasonable danger

or an unreasonable risk of injury." *Id.* at 545. The court also stated that "[p]ublic policy and the social requirements do not require that a duty be placed upon the manufacturer of this truck to design his vehicle so as to prevent injuries from the extraordinary occurrences of this case." *Id.*

¶ 27    Later, in *Beattie v. Lindelof*, 262 Ill. App. 3d 372, 379-80 (1994), the First District of the appellate court followed *Mieher*. In *Beattie*, the decedent's car collided into the rear of a truck and then traveled underneath the trailer portion of the truck until the rear part of the trailer came into the passenger part of the decedent's car. *Id.* at 375. The plaintiff brought negligence claims against the manufacturer and each successive owner of the semi-trailer truck, alleging that the defendants "failed to properly install or maintain, repair, alter, or modify an adequate rear end protection device." *Id.* at 376, 379. The court concluded that, "[b]ecause this allegation is effectively the same as the plaintiff's allegation in *Mieher*, we find that the circuit court was correct in dismissing defendants because if no common law duty exists to design a vehicle with which it is safe to collide, then no such duty could exist to maintain one either." *Id.* at 379-80

¶ 28    Likewise, here, plaintiff's negligence claims against defendants are based on the allegations that defendants failed to design, manufacture, sell, and maintain an adequate and safe rear underride protection system. Thus, under *Mieher* and *Beattie*, plaintiff cannot sufficiently allege or establish claims for negligence against defendants based on the defective rear underride protection system because defendants did not have a duty to design or maintain a rear underride protection system with which it is safe to collide. Thus, the circuit court did not err when it dismissed plaintiff's claims against Strick, Herman, and Republic, and when it granted Reggie's and Mancilla's motion for summary judgement on the allegations relating to the trailer's defective rear underride protection system.

¶ 29                    Circuit Court's Discovery Ruling

¶ 30    As previously noted, during the briefing on the motions to dismiss, under Rule 191(b), plaintiff requested expert witness testimony relating to the underride protection system and to take depositions of witnesses from Republic, Herman, and Strick. The circuit court entered an order that stated the defendants "with [section] 2-615 motions are excluded from producing witnesses at this time." Plaintiff contends that the circuit court erred when it barred and stayed his discovery requests.

¶ 31    "[A] circuit court has wide latitude in ruling on discovery motions, and a court of review will not disturb such a ruling unless it constitutes a manifest abuse of discretion." *TruServ Corp. v. Ernst & Young, LLP*, 376 Ill. App. 3d 218, 227 (2007). "A court abuses its discretion only where its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would adopt the court's view." *Id.* "A court should not refuse a discovery request and grant a motion to dismiss where it reasonably appears discovery might assist the nonmoving party." *Evitts v. DaimlerChrysler Motors Corp.*, 359 Ill. App. 3d 504, 513-14 (2005). A circuit court may properly stay a "discovery request when it has sufficient information upon which to rule on a motion to dismiss." *Id.* at 513.

¶ 32    Here, during the briefing on the motions to dismiss, the circuit court concluded that the defendants with section 2-615 motions pending were "excluded from producing witnesses at this time." Defendants' motions were based on the argument that under *Mieher* they had no duty to design or maintain a vehicle with which it is safe to collide. The circuit court agreed, and plaintiff concedes on appeal that *Mieher* controls. Thus, because plaintiff cannot establish that defendants owed him a duty under *Mieher*, he cannot state a cause of action for negligence based on the trailer's defective underride protection system. Because plaintiff cannot state a cause of action for negligence based on the underride protection system allegations, discovery was not necessary. See

*id.* ("Discovery is not necessary where a cause of action has not been stated."). Accordingly, the court's ruling that excluded Strick, Republic, and Herman from producing witnesses until the section 2-615 motions were resolved was not arbitrary, fanciful, or unreasonable. Thus, the court did not abuse its discretion in its discovery ruling.

¶ 33                                              III. CONCLUSION

¶ 34       Plaintiff failed to sufficiently allege negligence claims against defendants based on the allegations relating to the defective rear underride protection system. The judgment of the circuit court is affirmed.

¶ 35       Affirmed.